PAUL GALLIGAN (PG-3083)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
212-218-5500
Attorneys for Defendant
Greenwich Triangle LLC f/k/a Southwick Clothing LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRUSTEES OF THE AMALGAMATED : 
NATIONAL HEALTH FUND and TRUSTEES OF : 
THE NATIONAL RETIREMENT FUND :

                           Plaintiffs, :   10-CV-04945 (KMK)

- against - :

                                                    **ANSWER AND AFFIRMATIVE**
GREENWICH TRIANGLE LLC f/k/a :   **DEFENSES TO SECOND**
SOUTHWICK CLOTHING LLC, :   **AMENDED COMPLAINT**

                           Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPLAINT

     Defendant Greenwich Triangle LLC f/k/a Southwick Clothing LLC ("Greenwich"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers the Second Amended Complaint ("Complaint") of Plaintiffs Trustees Of The Amalgamated National Health Fund ("Health Fund") and Trustees Of The National Retirement Fund ("Retirement Fund") (collectively, "Plaintiffs") as follows:

     In response to all non-numbered paragraphs, the Prayer for Relief, Plaintiffs' requests for relief, and each and every substantive allegation of the complaint, Greenwich denies that it violated the law and/or that it harmed Plaintiffs in any way.

13859077v.1

## NATURE OF THE ACTION

1. In response to paragraph 1 of the Complaint, Greenwich admits that Plaintiffs purport to bring this Action under Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1145 ("ERISA"). Greenwich, however, denies that it violated ERISA.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Greenwich admits that this Court has jurisdiction over Plaintiffs' claims.

## VENUE

3. In response to paragraph 3 of the Complaint, Greenwich admits that venue is proper in the Southern District of New York.

## THE PARTIES

4. Greenwich denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Greenwich denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Greenwich denies the allegations contained in paragraph 6 of the Complaint, except admits that it is a Massachusetts corporation.

7. Greenwich denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that it was party to a collective bargaining agreement with the New England Joint Board, UNITE HERE.

## FIRST CLAIM FOR RELIEF

8. In response to paragraph 8 of the Complaint, Greenwich repeats, reiterates and incorporates its responses to Plaintiffs' allegations set forth above and to paragraphs 1 through 7 of the Complaint as if fully set forth herein.

13859077v.1

9. Greenwich denies the allegations contained in paragraph 9 of the Complaint.

10. Greenwich denies the allegations contained in paragraph 10 of the Complaint.

11. Greenwich denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

## SECOND CLAIM FOR RELIEF

12. In response to paragraph 12 of the Complaint, Greenwich repeats, reiterates and incorporates its responses to Plaintiffs' allegations set forth above and to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Greenwich denies the allegations contained in paragraph 13 of the Complaint.

14. Greenwich denies the allegations contained in paragraph 14 of the Complaint.

15. Greenwich denies the allegations contained in paragraph 15 of the Complaint.

## REQUESTED RELIEF

16. Answering the requested relief, Greenwich denies that Plaintiffs are entitled to the relief which they request.

17. Unless and to the extent expressly admitted herein, Greenwich denies any and all allegations in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Greenwich asserts the following affirmative defenses with respect to the First and Second Claims for Relief, without assuming any burden of production or proof that it would not otherwise have assumed. Greenwich further avers that Plaintiffs' claims are so vague and conclusory as to render it impossible to identify every possible affirmative defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs fail to state a claim upon which relief can be granted, their claims are barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the provisions of applicable Fund agreements binding on Plaintiffs and/or applicable collective bargaining agreement, or the past practice of the parties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they failed to exhaust their administrative remedies under the applicable collective bargaining agreement or Fund agreements and/or ERISA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with their own Funds' regulations regarding the audit procedures, causing unnecessary litigation.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to comply with the applicable statute of limitations as to any of their claims, such claims are time barred and Plaintiffs are not entitled to relief.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

Greenwich currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. Greenwich therefore reserves the right to assert additional defenses as appropriate.

**WHEREFORE**, Greenwich denies that Plaintiffs are entitled to any of the relief sought. Greenwich requests that the Complaint be dismissed with prejudice in its entirety, and that judgment be entered against Plaintiffs and in Greenwich's favor, and that Greenwich be awarded its costs, attorneys' fees and such other relief as the Court deems just.

Dated: New York, New York
       October 26, 2011

                              SEYFARTH SHAW LLP

                              By: s/ Paul Galligan
                                  Paul Galligan (PG-3083)
                                  620 Eighth Avenue
                                  New York, New York 10018
                                  212-218-5500

                              Attorneys for Defendant Greenwich Triangle LLC
                              f/k/a Southwick Clothing LLC

13859077v.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2011 I electronically filed Defendant's Answer and Affirmative Defenses to the Second Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following listed counsel for Plaintiffs:

>David C. Sapp, Esq.
>The Amalgamated Life Insurance Company
>333 Westchester Ave., North Bldg, 2nd Fl.
>White Plains, New York 10604
>dsapp@amalgamatedlife.com

s/ Paul Galligan
Paul Galligan (PG 3083)

13859077v.1