UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRUSTEES OF THE AMALGAMATED NATIONAL  :
HEALTH FUND and TRUSTEES OF THE NATIONAL :  **10-CV-4945(KMK)**
RETIREMENT FUND,          :
                :   **PLAINTIFFS'**
           Plaintiffs,  :   **THIRD AMENDED**
                :   **COMPLAINT**
   -against-          :
                :
GREENWICH TRIANGLE LLC f/k/a SOUTHWICK  :
CLOTHING LLC,           :
                :
          Defendant.  :
-----------------------------------------------------------------------X

Plaintiffs, by their attorney David C. Sapp, for their Third Amended Complaint against Defendant Greenwich Triangle LLC f/k/a Southwick Clothing LLC, respectfully allege as follows:

## NATURE OF ACTION

1.  This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

**VENUE**

3.      Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and28 U.S.C. § 1391(b).

**THE PARTIES**

4.      Plaintiff Amalgamated National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Health Fund maintains its principal administrative offices at 333 Westchester Avenue, White Plains, New York 10604, which is within the Southern District of New York.

5.      Plaintiff National Retirement Fund ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, White Plains, New York 10604, which is within the Southern District of New York.

6.      Upon information and belief, Defendant Greenwich Triangle LLC f/k/a Southwick Clothing LLC is a Massachusetts corporation having or having had its principal place of business at 50 Island Street, Lawrence, Massachusetts 01840.

7.      The New England Joint Board, UNITE HERE ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein.  Pursuant to said collective

bargaining agreements, contributions to Plaintiffs Health Fund and Retirement Fund were due to be paid monthly by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

8.      Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

9.      In or about 2009, as permitted by the Health Fund's Agreement and Declaration of Trust and the collective bargaining agreement between the Union and Defendant, the Health Fund performed an audit of the books and records of Defendant for the period of October 1, 2005 through and including December 31, 2007.  The audit, as subsequently revised in 2012, revealed contributions owing to the Health Fund arising from Defendant's failure to report all of its payroll thereby resulting in audit deficiencies totaling $15,857.55, interest thereon of $10,374.76 through March 2012 and liquidated damages of $10,374.76, all totaling $36,607.07.  By letter dated March 5, 2012 (Audit Bill No. 09UH114-Revised) (hereinafter, "March 5, 2012 audit deficiency notice"), the Health Fund demanded payment of the outstanding balance of $36,607.07.  (A copy of the March 5, 2012 audit deficiency notice is annexed hereto as Exhibit "A").

10.      Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Health Fund from Defendant for the period of October 1, 2005 through and including December 31, 2007 have not been made and are now due and owing.  By reason thereof, Defendant is liable to Plaintiff Health Fund in the sum of $36,607.07 for the period stated plus interest from March 5, 2012, the date of the audit deficiency notice, through the date of

judgment, and additional liquidated damages to be calculated pursuant to ERISA and the Health Fund's rules and regulations.

**AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF
TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT**

11.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

12.     In or about 2009, as permitted by the Retirement Fund's Agreement and Declaration of Trust and the collective bargaining agreement between the Union and Defendant, the Retirement Fund performed an audit of the books and records of Defendant for the period of October 1, 2005 through and including December 31, 2007.  The audit revealed contributions owing to the Retirement Fund arising from Defendant's failure to remit additional pension contributions of five cents ($0.05) per hour as required by the collective bargaining agreement between Defendant and the Union. The audit revealed audit deficiencies totaling $40,564.13, plus interest thereon of $13,667.80 through August 2009 and liquidated damages of $13,667.80, all totaling $67,899.73.  By letter dated August 11, 2009 (Audit Bill No. 09UH151) (hereinafter, "the August 11, 2009 audit deficiency notice"), the Retirement Fund demanded payment of the outstanding balance of $67,899.73.  (A copy of the August 11, 2009 audit deficiency notice is annexed hereto as Exhibit "B").

13.     Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Retirement Fund from Defendant for the period of October 1, 2005 through and including December 31, 2007 have not been made and are now due and owing.  By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $67,899.73 for the period

stated plus interest from August 11, 2009, the date of the audit deficiency notice, through the date of judgment, and additional liquidated damages to be calculated pursuant to ERISA and the Retirement Fund's rules and regulations.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.      Directing Defendant to pay to the Amalgamated National Health Fund the principal amount of $15,857.55; and

b.      Directing Defendant to pay to the Amalgamated National Health Fund interest on the principal amount of $15,857.55 through the date of the March 5, 2012 audit deficiency notice in the amount of $10,374.76, and interest from the date of the March 5, 2012 audit deficiency notice to the date of judgment, computed at an interest rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c.      Directing Defendant to pay to the Amalgamated National Health Fund liquidated damages  pursuant to  Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii) and the Health Fund's rules and regulations; and

d.      Directing Defendant to pay to the National Retirement Fund the principal amount of $40,564.13; and

e.      Directing Defendant to pay to the National Retirement Fund interest on the principal amount of $40,564.13 through the date of the August 11, 2009 audit deficiency notice in the amount of $13,667.80, and interest from the date of the August 11, 2009 audit deficiency notice to the date of judgment, computed at an interest rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

f.      Directing Defendant to pay to the National Retirement Fund liquidated damages pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii) and the Retirement Fund's rules and regulations; and

g.      Directing Defendant to pay to the Amalgamated National Health Fund and the National Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

h.      Granting such other legal and equitable relief as the Court deems appropriate.


Dated: White Plains, New York
        April 13, 2012

**TRUSTEES OF THE AMALGAMATED NATIONAL HEALTH FUND and TRUSTEES OF THE NATIONAL RETIREMENT FUND,** Plaintiffs


By: _____
            David C. Sapp (DS 5781)

*Attorney for Plaintiffs*

Alicare, Inc.
333 Westchester Avenue
North Building – Second Floor
White Plains, New York 10604
(914) 367-5576

# EXHIBIT A

# Amalgamated Life

America's Labor Insurance Company®

Nikaury Montes
Audit Supervisor
333 Westchester Avenue
White Plains, NY  10604

P: 914 367-5859
F: 914 367-2859
Email: nmontes@amalgamatedlife.com

March 5, 2012,

Paul Galligan
Seyfarth Shaw LLP
c/o Southwick Clothing
620 Eight Avenue 32nd Floor
New York, NY 10018

Account #:803I00001
Bill: 09UH114 **Revised**
Period: 10/1/05 thru 12/31/07
Amount: $36,607.07

Dear Mr. Galligan

Enclosed you will find a copy of our "Revised Summary of Audit Findings" for Benefit Funds. This revision is based on additional payroll information provided on February 22nd, 2012 to evaluate the charges previously billed. The charges have been revised to exclude employees during their probationary period of ninety (90) days, to remove charges of those employees who opted out of the Health and Drug Plan and to grant Vacation and Holidays exclusion only for the employees who are participating in the Health Plan. The following schedules are included:

- Health Fund Schedules of Charges based on Gross Wages excluding Vacation, Holidays and Trial Period
- Prescription Fund Schedules of Charges based on Gross Wages excluding Vacation, Holidays and Trial Period

Below is the break down of the audit bill:

| Fund | Fund Due | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| Health | $9,847.12 | $7,400.93 | $7,400.93 | $24,648.98 |
| Prescription | $6,010.43 | $2,973.83 | $2,973.83 | $11,958.09 |
| Total Amount Due | $15,857.55 | $10,374.76 | $10,374.76 | $36,607.07 |

Payment is due upon receipt.

Page 2
March 5, 2012
Southwick Clothing

This Revised Summary of Audit Findings does not include payments in transit, amounts previously billed, including but not limited to: prior audit bills, billing shortages, related interest, late fees, liquidated damages or attorney fees.

Thank you for your anticipated cooperation regarding this matter, I can be reached at 914-367-5859

Sincerely,

Nikaury Montes
Audit Supervisor

C: Warren Pepicelli, Manager, New England Jt. Bd., UNITE HERE
    Timothy Clark, Manager, Collection Department
    David Sapp, Esq., Associate Counsel and Director of Litigation

**AMALGAMATED FUND ADMINISTRATORS**
914-367-4203
**PRELIMINARY AUDIT FINDINGS**

Page 1 of 1

BILL: 09UH114 Revised

TO: Southwick Clothing LLC
50 Island Street
Lawrence, MA 01840

| | | Date: | 03/05/12 |
|---|---|---|---|
| | | Firm #: | 803000001 |
| | | Audit Period: | 10/01/05 - 12/31/07 |
| | | Remitted Thru: | 12/31/07 |
| | | Interest: | 1%/Month |

| LINE | DESCRIPTION | PERIOD FROM | PERIOD THRU | CHARGEABLE | REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST & LIQ. DAMAGES # OF MO. | INTEREST & LIQ. DAMAGES RATE | INTEREST & LIQ. DAMAGES DUE | TOTAL DUE FUNDS + INTEREST + LIQ. DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Miscellaneous charges | | | | | | | | | | | |
| 2 | See attached schedule | 10/1/05 | 12/31/05 | $ 734,080.26 | $ 719,483.80 | $ 14,596.46 | 23.6000% | $ 3,444.76 | 73 | 0.7300 | $ 2,514.67 | $ 5,959.43 |
| 3 | " | 01/01/06 | 05/31/06 | $ 1,302,234.05 | 1,289,345.08 | 12,888.97 | 23.6000% | 3,041.80 | 68 | 0.6800 | 2,068.42 | 5,110.22 |
| 4 | " | 06/01/06 | 12/31/06 | $ 1,897,846.67 | 1,879,802.11 | 18,044.56 | 25.6000% | 4,619.41 | 61 | 0.6100 | 2,817.84 | 7,437.25 |
| 5 | " | 01/01/07 | 05/31/07 | $ 1,523,562.71 | 1,525,522.32 | (1,959.61) | 25.6000% | (501.66) | 0 | 0.0000 | - | (501.66) |
| 6 | " | 01/01/07 | 12/31/07 | $ 2,097,511.28 | 2,100,254.74 | (2,743.46) | 27.6000% | (757.19) | 0 | 0.0000 | - | (757.19) |
| | Subtotal for Health | | | $ 7,555,234.97 | $ 7,514,408.05 | 40,826.92 | | $ 9,847.12 | | | $ 7,400.93 | $ 17,248.05 |
| 7 | Miscellaneous charges | 10/1/05 | 12/31/05 | $ 734,080.26 | 691,290.42 | 42,789.84 | 2.4000% | 1,026.96 | 73 | 0.7300 | 1,026.96 | 1,026.96 |
| 8 | See attached schedule | 01/01/06 | 12/31/06 | $ 3,112,500.28 | 2,927,804.32 | 184,695.96 | 2.4000% | 4,432.70 | 61 | 0.6100 | 2,703.95 | 7,136.65 |
| 9 | " | 01/01/07 | 12/31/07 | $ 3,532,650.85 | 3,509,701.99 | 22,948.86 | 2.4000% | 550.77 | 49 | 0.4900 | 269.88 | 820.65 |
| | Subtotal for Prescription | | | $ 7,379,231.39 | $ 7,128,796.73 | 250,434.66 | | $ 6,010.43 | | | $ 2,973.83 | $ 8,984.26 |
| | Liquidated Damages on Health | 10/01/05 | 12/31/07 | | | | | | | | | $ 7,400.93 |
| | Liquidated Damages on Prescription | 10/01/05 | 12/31/07 | | | | | | | | | $ 2,973.83 |
| | Subtotal for Liquidated Damages | | | | | | | | | | $ 10,374.76 | $ 10,374.76 |

| TOTAL FUNDS DUE | TOTAL INTEREST & LIQ DAMAGES DUE | TOTAL FUNDS + INTEREST + LIQ DAMAGES |
|---|---|---|
| $ 16,857.55 | $ 20,749.52 | $ 36,607.07 |

**Please issue check and mail with copy of this invoice to:**

Amalgamated National Health Fund
PO Box 5426
WHITE PLAINS, NY 10602-5426

# EXHIBIT B

# Amalgamated Life
America's Labor Insurance Company*

August 11, 2009

Attn: Robert Nelson
Southwick Clothing LLC
50 Island Street
Lawrence, MA  01840

Keith Hawkins
Audit Supervisor

333 Westchester Avenue
White Plains, NY  19604

P: 914 367-5000
F: 914 367-5788
Email: khawkins@amalgamatedlife.com

Account #:0870233
Bill: #09UH151
Period: 10/01/05 thru 12/31/07
Amount: $67,899.73

Dear Mr. Nelson:

Enclosed you will find a copy of our "Preliminary Summary of Audit Findings" for Benefit Funds. This is based on our audit of your firm's books and records for the period listed above. The amount due is attributable to the following:

(1). Additional pension rate as of 11/01/05 $0.05 per hour. Firm failed to remit on the additional pension rate

Below is the break down of the audit bill:

| | |
|---|---|
| Pension Hours | 40,564.13 |
| Liquidated Damages | 13,667.80 |
| Interest | 13,667.80 |
| Total amount due | $67,899.73 |

Should you have any question please contact me as soon as possible but no later than thirty (30) days from the date of this letter.  If you have no questions, payment is due in full no later than thirty-five (35) days from the date of this letter.

This "Preliminary Summary of Audit Findings" does not include payments in transit and only includes payments deposited as of the date printed on the bill.

Thank you for your anticipated cooperation regarding this matter, I can be reached at 914 367-4235.

Sincerely,

Keith Hawkins
Audit Supervisor

C:  Warren Pepicelli, Manager, New England Joint Board, UNITE HERE

Name
Date
Page 2

# UNITE HERE FUND ADMINISTRATORS
## 914-387-4203
## PRELIMINARY AUDIT FINDINGS

BILL: 09UH151
TO: SOUTHWICK CLOTHING LLC
50 ISLAND STREET
LAWRENCE, MA 01840

Date: 08/11/09
Firm #: 0870233
Association:
Audit Period: 10/01/05 - 12/31/07
Remitted Thru: 12/31/07
Interest: 12.00% COMPOUNDED

| LINE # | DESCRIPTION | PERIOD FROM | THRU | CHARGEABLE | REPORTED | NOT REPORTED | RATE | FUNDS DUE | # OF MO. | INTEREST RATE | INTEREST DUE | TOTAL DUE FUNDS + INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PENSION / HOURS | 11/01/05 - | 12/31/05 | 52,630.35 | - | 52,630.35 | 0.05 | $ 2,631.52 | 42 | 0.51879 | $ 1,365.21 | $ 3,996.73 |
| 2 | - | 01/01/06 - | 03/31/06 | 80,304.60 | - | 80,304.60 | 0.05 | $ 4,015.23 | 39 | 0.47412 | $ 1,903.71 | $ 5,918.94 |
| 3 | - | 04/01/06 - | 06/30/06 | 90,523.10 | - | 90,523.10 | 0.05 | $ 4,526.16 | 36 | 0.43077 | $ 1,949.73 | $ 6,477.89 |
| 4 | - | 07/01/06 - | 09/30/06 | 86,767.81 | - | 86,767.81 | 0.05 | $ 4,338.39 | 33 | 0.38869 | $ 1,686.29 | $ 6,024.68 |
| 5 | - | 10/01/06 - | 12/31/06 | 102,874.64 | - | 102,874.64 | 0.05 | $ 5,143.73 | 30 | 0.34785 | $ 1,789.24 | $ 6,932.97 |
| 6 | - | 01/01/07 - | 03/31/07 | 97,959.24 | - | 97,959.24 | 0.05 | $ 4,897.96 | 27 | 0.30821 | $ 1,509.59 | $ 6,407.55 |
| 7 | - | 04/01/07 - | 06/30/07 | 92,443.09 | - | 92,443.09 | 0.05 | $ 4,622.15 | 24 | 0.26973 | $ 1,246.75 | $ 5,868.90 |
| 8 | - | 07/01/07 - | 09/30/07 | 99,048.71 | - | 99,048.71 | 0.05 | $ 4,952.44 | 21 | 0.23239 | $ 1,150.91 | $ 6,103.35 |
| | - | 10/01/07 - | 12/31/07 | 108,731.07 | - | 108,731.07 | 0.05 | $ 5,436.55 | 18 | 0.19615 | $ 1,066.37 | $ 6,502.92 |
| | Subtotal | | | 811,282.61 | - | 811,282.61 | | $ 40,564.13 | | | $ 13,667.80 | $ 54,231.93 |
| | Subtotal for Liquidated Damages | | | $ - | $ - | 40,564.13 | | $ - | | | $ 13,667.80 | $ 13,667.80 |
| | Liquidated Damages on Pension Hours | 11/01/05 - | 12/31/07 | $ - | $ - | 40,564.13 | | $ - | | | $ 13,667.80 | $ 13,667.80 |

TOTAL FUNDS DUE $ 40,564.13

TOTAL INTEREST & LIQ DAMAGES $ 27,335.60

TOTAL DUE FUNDS + INTEREST + LIQ DAMAGES $ 67,899.73

**Please issue check and mail with copy of this invoice to:**
UNITE HERE National Health Fund
PO Box 5426
WHITE PLAINS, NY 10206-5426

DISPUTES MUST BE SUBMITTED IN WRITING WITHIN 30 DAYS. FULL PAYMENT IS DUE WITHIN 35 DAYS IF NO DISPUTE SUBMITTED.
IF TOTAL DUE IS A CREDIT, PLEASE APPLY CREDIT TO NEXT MONTH'S REMITTANCE AND ATTACH A COPY OF THIS INVOICE.